Exhibit A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jason N. Wolford, 194177<br>Wolford Law Firm<br>1010 B Street, Suite 200<br>San Rafael, CA 94901<br>TELEPHONE NO.: (415) 265-2897<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102

| PLAINTIFF/PETITIONER: Nicholas Ginger | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PriceWaterhouseCoopers Advisory Services, LLC, | CGC-16-554029 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Ginger |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, Notice to Plaintiff, ADR Packet

3. a. Party served:  PriceWaterhouseCoopers Advisory Services, LLC

   b. Person Served: Gladys Aguilera-CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served:  818 West Seventh Street, 930
        Los Angeles, CA 90017
5. I served the party
   a. **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/06/2016          (2) at  (time): 3:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

PriceWaterhouseCoopers Advisory Services, LLC
under: Other: Limited Liability Corporation
7. **Person who served papers**
   a. Name:      Jimmy Lizama
   b. Address:   One Legal - 194-Marin
             504 Redwood Blvd #223
             Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 37.95
   e I am:
      (3) registered California process server.
        (i)   Employee or independent contractor.
        (ii)  Registration No.: 4553
        (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  09/12/2016

Jimmy Lizama
_____
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

Exhibit B

9/6/16 @ 3pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td style="text-align:right">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC, and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NICHOLAS GINGER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr><td>The name and address of the court is:<br><i>(El nombre y dirección de la corte es):</i></td><td>CASE NUMBER:<br><i>(Número del Caso):</i><br>16-554029</td></tr>
</table>

San Francisco County Superior Court, 400 McAllister Street, San
Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason Wolford, Wolford Law Firm, 1010 B Street, Suite 200, San Rafael, CA 94901, tel.: 415-265-2897

<table>
<tr>
<td>DATE:<br><i>(Fecha)</i> SEP - 2 2016</td>
<td>CLERK OF THE COURT<br>Clerk, by<br><i>(Secretario)</i> MADONNA CARANTO</td>
<td>, Deputy<br><i>(Adjunto)</i></td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

   BY FAX

3. [✓] on behalf of *(specify):* PriceWaterhouseCoopers Advisory Services, LLC

   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [✓] other *(specify):* Corporation Code 17061 (Limited Liability Company)

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

1 JASON N. WOLFORD (SBN: 194177)
LAW OFFICE OF JASON WOLFORD
2 1010 B Street, Suite 200
San Rafael, CA 94901
3 Telephone: (415) 265-2897
Facsimile: (415) 524-4853
4

5 Attorney for Plaintiff
NICHOLAS GINGER
6

7

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

SEP – 2 2016

CLERK OF THE COURT
BY: MADONNA CARANTO
Deputy Clerk

8            SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9                        UNLIMITED JURISDICTION

10  NICHOLAS GINGER                    )   CASE NO. CGC-16-554029
                                       )
11              Plaintiffs,            )   COMPLAINT FOR:
                                       )
12        v.                           )   1. Violation of the California Family Rights
                                       )      Act ("CFRA");
13  PRICEWATERHOUSECOOPERS             )   2. Violation of Fair Employment and
    ADVISORY SERVICES LLC, and DOES 1  )      Housing Act ("FEHA");
14  through 20, inclusive,             )   3. Violations of the Family Medical Leave
                                       )      Act; and
15              Defendants.            )   4. Wrongful Termination in Violation of
                                       )      Public Policy
16                                     )
17                                         **DEMAND FOR JURY TRIAL**

18        PLAINTIFF ALLEGES AS FOLLOWS:                    BY FAX

19        1.    Plaintiff Nicholas Ginger at all relevant times herein mentioned was employed by

20  Defendants in, and a resident of, the State of California, County of San Francisco.

21        2.    Plaintiff is informed, believes, and thereon alleges, that at all relevant time hereto

22  Defendant PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC ("PWC") was a

23  Delaware Limited Liability Corporation doing business in the state of California in San

24  Francisco County.  PWC is a large professional services and consulting firm with offices located

25  in many cities, including in San Francisco.  PWC has more than 50 full-time employees working

26  in its San Francisco office(s).

27        3.    Plaintiff is informed, believes, and thereon alleges, that Defendants, and each and

28  all of them, at all relevant times hereinafter mentioned were the agents, employees, servants,

joint venturers, parent companies, successor companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining defendants (collectively, "Defendants"). Defendants, in doing the things hereinafter alleged, were acting within the course and scope of such relationship (unless otherwise alleged) and were responsible in some manner for the occurrences herein alleged and, are a proximate cause of Plaintiff's damages as herein alleged.

4.     The true names and capacities of DOES 1 through 20 inclusive, whether individual, corporate, associate are otherwise unknown to Plaintiff who therefore sues such defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that the DOE Defendants are California residents. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

5.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein by a fictitious name is negligently, intentionally, or otherwise responsible in some manner for the events and happenings herein referred to, and negligently, intentionally, or otherwise caused the injuries and damages to Plaintiff as hereinafter alleged.

6.     The amount in controversy exceeds the sum of twenty-five thousand dollars ($25,000), exclusive of interest and costs.

**GENERAL ALLEGATIONS**

7.     Plaintiff started working for Defendant PWC (or one of its subsidiary or related companies) in or around September 12, 2011.  During the following four years, Plaintiff worked on many projects for and on behalf of Defendants, and received positive job performance evaluations.  Plaintiff's job title was Senior Associate.

8.     Plaintiff was recognized as an excellent employee by Defendants and his performance was consistently rated at a level consistent with or well above that of his peers. Plaintiff received numerous outstanding reviews praising his work.  Plaintiff's performance reviews consistently stated that he was operating above his level.  Over the years, these performance reviews came from his direct manager, and the partners on the various projects that

-2-
COMPLAINT FOR DAMAGES

he worked.  Plaintiff received a favorable annual performance review in June 2015, and he actually received a "Real Time Recognition Award" on or around October 21, 2015 pertaining to my work on a recent project.

9.      On or around October 13, 2015, Plaintiff was assigned a new project that was to run through about mid-November.

10.      Also, on or around October 13, 2015, Plaintiff informed Defendants that he was going to be taking leave under FMLA/CFRA for the birth of his first child.  At that time, his wife's due date was February 15, 2016.  At that time Plaintiff was a full-time employee who worked for Defendants and had well over 1250 hours of service for Defendants in the 12 months prior to requesting said leave, and in all ways Plaintiff qualified for FMLA and other leave. Paternity leave for Plaintiff was put on the work calendar on or about October 14, 2015.

11.      Shortly thereafter, on or around November 9, 2015, Plaintiff was terminated from his employment.  There was no good cause given for Plaintiff's termination, and Plaintiff was not informed by Defendants of any reasonable justification for his termination.   Furthermore, there is no reasonable basis to suggest Plaintiff's termination was performance based, or there was any reason other than a discriminatory/retaliatory reason for Plaintiff's termination.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.      On or around June 2, 2016, Plaintiff filed a charge with California Department of Fair Employment and Housing ("DFEH") pertaining to the unlawful practices of Defendants described herein (including but not limited to the discrimination and wrongful termination resulting from Plaintiff requesting protected family leave) and requested a Right-to-Sue Notice. A copy of the Right to Sue Notice is attached hereto as part of Exhibit A.  In addition, on or around June 2, 2016, Plaintiff cross-filed a charge with U.S. Equal Employment Opportunity Commission ("EEOC") for employment discrimination by Defendants pertaining to the unlawful practices of Defendants described herein (including but not limited to the discrimination and wrongful termination resulting from Plaintiff requesting protected family leave) and requested a Notice of Right to Sue.  On or around July 13, 2016 the EEOC issued Plaintiff a Notice of Right

to Sue on his charge.  A copy of this Notice of Right to Sue is also attached hereto as part of Exhibit A.

13.     Plaintiff has satisfied his obligation to exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"), California Family Rights Act ("CFRA"), and the Family Medical Leave Act ("FMLA").

**FIRST CAUSE OF ACTION**
Violation of the California Family Rights Act
[Government Code Section 12945.2 *et seq.*]
(As Against All Defendants)

14.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-13, inclusive, and incorporates the same by reference as though fully set forth herein.

15.     The leave which Plaintiff requested in or around October 13, 2015 to bond with his newborn qualified as a protected "baby bonding" leave under California Government Code § 12945.2(c)(3)(A).  Defendant was a covered employer under the CFRA.

16.     Plaintiff was eligible for and entitled to take said leave and to not be retaliated against or terminated by his employer(s) in retaliation for requesting or taking said leave. Plaintiff was also entitled to be reinstated to the same or a comparable position in terms of duties and responsibilities that he held prior to starting his protected leave when he was to return from said leave.

17.     Plaintiff was unlawfully terminated on or around November 9, 2016.  Plaintiff is informed, believes, and thereon alleges that he was terminated, at least in part, for having exercised his right to take protected leave under the CFRA and/or in retaliation for taking that leave, and/or to prevent him from further inconveniencing Defendant with future CFRA leaves. Upon information and belief it is Plaintiff's contention that Defendants have a pattern and practice of failing to provide the legally required CFRA leave, and have a pattern and practice of terminating employees after they have taken pregnancy and/or childbirth or child bonding leave.

18.     Plaintiff has satisfied any and all necessary administrative procedures and remedies under the CFRA, if any, prior filing this lawsuit.

-4-

COMPLAINT FOR DAMAGES

19.     As a proximate result of Defendants' unlawful and improper conduct against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in income, earnings, and benefits (including prospective career and employment opportunities) and has been damaged in his capacity to earn a salary, and has lost and will continue to lose employment benefits.  As a further, proximate result of Defendants' actions, Plaintiff has been unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.  As a further, proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer the garden variety emotional distress one would normally expect as a result of Defendants' improper acts and omissions, including but limited to being wrongfully terminated from his employment, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.  Furthermore, Plaintiff has suffered additional special and general damages according to proof.

20.     The aforementioned acts of Defendants, and each of them, were deliberate, willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
Violation of Fair Employment and Housing Act –
Disability Discrimination and Retaliation
[Government Code Section 12900 *et seq.*]
(As Against All Defendants)

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-20, inclusive, and incorporates the same by reference as though fully set forth herein.

22.     At all times relevant herein, FEHA was in full force and effect and biding on Defendants.  FEHA required Defendants to refrain from discriminating against any employee,

-5-
COMPLAINT FOR DAMAGES

including terminating an employee, on the basis of a protected characteristic, including, but not limited to, family and medical care leave under the CFRA or other applicable laws, sex, or engaging in protected activity.

23.    FEHA makes it an unlawful employment practice for an employer to discriminate against an employee "in terms, conditions, or privileges of employment" on the basis of a protected characteristic, including, but not limited to, family and medical care leave, engaging in protected activity, and sex.  It is also unlawful for an employer to discriminate against an employee based upon the employer's perception that the employee is a member of a protected class or that the employee is taking or has taken certain actions because the employee is a member of a protected class.

24.    Plaintiff is informed and believes that the course of conduct by Defendants alleged herein discriminated against or retaliated against Plaintiff based upon his requesting medical leave, requesting family leave for child bonding as a male, or was perceived to be disabled and/or in a protected class for requesting said child bonding leave in violation of Plaintiff's rights under FEHA.  As a result of Defendants' acts and/or omissions Plaintiff was terminated from his employment.  In so doing, the Defendants were committing a discriminatory employment practice.

25.    Within the time provided under FEHA, Plaintiff filed a complaint against Defendants with the Department of Fair Employment and Housing in full compliance with the law, and received a right-to-sue letter.

26.    Defendants knew, or in the exercise of reasonable care should have known, that their conduct as alleged herein would cause Plaintiff and others similarly situated to suffer financial, physical and emotional harm.

27.    As a proximate result of Defendants' unlawful and improper conduct against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in income, earnings, and benefits (including prospective career and employment opportunities) and has been damaged in his capacity to earn a salary, and has lost and will continue to lose employment benefits.  As a

further, proximate result of Defendants' actions, Plaintiff has been unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.  As a further, proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer the garden variety emotional distress one would normally expect as a result of Defendants' improper acts and omissions, including but limited to being wrongfully terminated from his employment, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.  Furthermore, Plaintiff has suffered additional special and general damages according to proof.

28.    The aforementioned acts of Defendants, and each of them, were deliberate, willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

29.    Plaintiff is also entitled to an award of attorney's fees and costs of suit under California Government Code § 12970 or as otherwise allowed by law.

**THIRD CAUSE OF ACTION**
Violation of the Family Medical Leave Act
[29 USC § 2601 *et seq.*]
(As Against All Defendants)

30.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29, inclusive, and incorporates the same by reference as though fully set forth herein.

31.    The leave which Plaintiff took to bond with his son qualified as a protected "baby bonding" leave under 29 USC § 2612(a)(1)(A).

32.    Plaintiff was unlawfully terminated on or around November 9, 2016.  Plaintiff is informed, believes, and thereon alleges that he was terminated, at least in part, for having exercised his right to take leave under the FMLA and/or in retaliation for taking that leave,

and/or to prevent him from further inconveniencing Defendants with future FMLA leaves.

33.     As a proximate result of Defendants' unlawful and improper conduct against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in income, earnings, and benefits (including prospective career and employment opportunities) and has been damaged in his capacity to earn a salary, and has lost and will continue to lose employment benefits.  As a further, proximate result of Defendants' actions, Plaintiff has been unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.  As a further, proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer the garden variety emotional distress one would normally expect as a result of Defendants' improper acts and omissions, including but limited to being wrongfully terminated from his employment, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.  Furthermore, Plaintiff has suffered additional special and general damages according to proof.

34.     The aforementioned acts of Defendants, and each of them, were deliberate, willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

35.     Defendants' wrongful actions were made in bad faith, they did not have reasonable grounds for believing their conduct was not in violation of the FMLA and Plaintiff therefore requests an award of liquidated damages under 29 USC § 2617(a)(1)(A)(ii).

36.     Plaintiff is also entitled to an award of attorney's fees and costs of suit under 29 USC § 2617(a)(3) or as otherwise allowed by law.

**FOURTH CAUSE OF ACTION**
Wrongful Termination in Violation of Public Policy
(As Against All Defendants)

37.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, and incorporates the same by reference as though fully set forth herein.

38.   As a California employee, Plaintiff was protected by the fundamental, basic, and substantial public policies found in the California Fair Employment and Housing Act, California Family Rights Act, Family Medical Leave Act, Title VII of the Civil Rights Act, and the California constitution.

39.   Plaintiff is informed, believes, and thereon alleges that motivating factors in Defendant's termination of Plaintiff were in violation of these enumerated public policies.

40.   As a proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer losses of earnings, and other benefits of employment, all to Plaintiff's damage in an amount according to proof at trial.

41.   As a proximate result of Defendants' unlawful and improper conduct against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in income, earnings, and benefits (including prospective career and employment opportunities) and has been damaged in his capacity to earn a salary, and has lost and will continue to lose employment benefits.  As a further, proximate result of Defendants' actions, Plaintiff has been unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.  As a further, proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer the garden variety emotional distress one would normally expect as a result of Defendants' improper acts and omissions, including but limited to being wrongfully terminated from his employment, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.  Furthermore, Plaintiff has suffered additional special and general damages according to proof.

42.   The aforementioned acts of Defendants, and each of them, were deliberate,

-9-

COMPLAINT FOR DAMAGES

willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For actual damages, including loss of past and future earnings and wages (including but not limited to front pay and back pay), retirement contributions, medical insurance, and other employment benefits, in an amount according to proof at trial;

2. For general, consequential and incidental damages and expenses in an amount according to proof at trial;

3. For pre-judgment and post-judgment interest, all at the legal prevailing rate;

4. For general and special damages, including but not limited to, emotional distress and loss of reputation, in an amount according to proof at trial;

5. For punitive damages, in an amount according to proof at trial;

6. For liquidated damages, pursuant to the Family Medical Leave Act;

7. For attorney's fees and costs of suit as allowed by law; and

8. For such other and further relief as the Court may deem just, proper, and equitable.

Dated: August 31, 2016

By: _____
JASON N. WOLFORD
Attorney for Plaintiff
NICHOLAS GINGER

-10-

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that PLAINTIFF NICHOLAS GINGER demands a jury trial in this action.

Dated:  August 31, 2016

By: _____
JASON N. WOLFORD
Attorney for Plaintiff
NICHOLAS GINGER

-11-

COMPLAINT FOR DAMAGES

# EXHIBIT A

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 550-2016-00803 |

California Department Of Fair Employment & Housing _____ and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone |
|---|---|
| Mr. Nicholas Ginger | (619) 889-6851 |

Street Address

2 Alhambra Street, Apt. 101, San Francisco, CA 94123

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| PWC ADVISORY, LLC | 500 or More | (415) 498-5000 |

Street Address

3 Embarcadero Center,  San Francisco, CA 94111

| Name | | |
|---|---|---|

Street Address

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest
**11-09-2015**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In or around September 12, 2011 I was hired by Respondent. My last position was Senior Associate. On or around October 13, 2015 I informed by employer by email about going on paternity leave through FMLA. In or around November 9, 2015 I was terminated.

I believe I was discriminated against because of sex (male) and in retaliation for engaging in protected activity, in violation of Title VII of The Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

_Charging Party Signature_

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)



STATE OF CALIFORNIA - Basic and Consumer Services Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                DIRECTOR PHYLLIS W. CHENG

EEOC Number: 550-2016-00803C
Case Name:    Nicholas Ginger vs  PWC ADVISORY, LLC
Filing Date:   June 2, 2016

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. This Right-To-Sue Notice allows you to file a private lawsuit in State court. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC using the contact information below.

|  |  |
|---|---|
| EEOC Northern California | EEOC Southern California |
| 450 Golden Gate Ave 5-West | 255 East Temple Ste., 4th Floor |
| PO Box 36025 | Los Angeles, CA  90012 |
| San Francisco, CA  94102 | (213) 894-1100 |
| (415) 522-3000 |  |

DFEH-200-02 (04/13)



**U.S. Equal Employment Opportunity Commission
San Francisco District Office**

450 Golden Gate Avenue
5 West P.O. Box 36025
San Francisco, CA 94102
(415) 522-3000
TDD 1-800-669-6820
Fax (415) 522-3415
1-800-669-4000

Respondent: PWC ADVISORY, LLC
EEOC Charge No.: 550-2016-00833
FEPA Charge No.:

June 2, 2016

Nicholas Ginger
2 Alhambra Street, Apt. 101
San Francisco, CA 94123

Dear Mr. Ginger:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ] Title VII of the Civil Rights Act of 1964 (Title VII)
[ ] The Age Discrimination in Employment Act (ADEA)
[ ] The Americans with Disabilities Act (ADA)
[ ] The Equal Pay Act (EPA)
[ ] The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to California Department Of Fair Employment & Housing 2218 Kausen Drive Suite 100 Elk Grove, CA 95758 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Kyle K. Hunt
Investigator Support Asst
(415) 522-3257

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

SAN FRANCISCO DISTRICT OFFICE

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION



Director Michael Baldonado
Equal Employment Opportunity Commission
350 Golden Gate Avenue 5-West
PO Box 36025
San Francisco, CA 94102

**Dear Director:**

**The undersigned would like to request a Notice of Right to Sue authorization on my charge of discrimination (EEOC # 550-2016-00720N) because I intend to pursue this matter through private litigation.**

I have not been coerced, pressured, intimidated or threatened into making this request. I have had explained to me my options, legal rights and I voluntarily elect to make this request with the full knowledge that the EEOC will terminate any and all actions in regard to my involvement in this case. I am also aware that I must file a private suite in Federal Court within ninety (90) days from the date of receipt of the Notice of Right to Sue.

_May 24, 2016_
DATE

SIGNATURE

Nicolas Ginger
PRINT FULL NAME

2 Alhambra  St.  # 101
HOME ADDRESS

San  Francisco  ca      94123
CITY, STATE, ZIP CODE

(650) 884-8851
TELEPHONE NUMBER   (HOME)

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: - Nicholas Ginger<br>2 Alhambra Street, Apt. 101<br>San Francisco, CA 94123 | From: San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2016-00803 | Genji Nakano,<br>Investigator | (415) 522-3333 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____        07/13/2016
William R. Tamayo,                      *(Date Mailed)*
**District Director**

Enclosures(s)

cc:     John Daly
        Assistant General Counsel
        PricwaterhouseCoopers LLP
        300 Madison Avenue
        Office of the General Counsel
        New York, NY 10014

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JASON P. WOLFORD (SBN. 194777) WOLFORD LAW FIRM 1010 B Street, Suite 200 San Rafael, CA 94901 | **ENDORSED FILED** *San Francisco County Superior Court* |

TELEPHONE NO.: 415-265-2897   FAX NO.: 415-524-4853
ATTORNEY FOR *(Name)*: Plaintiff Nicholas Ginger

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94104
BRANCH NAME: Civil

SEP - 2 2016

CLERK OF THE COURT
BY: MADONNA CARANTO
Deputy Clerk

CASE NAME:
Nicholas Ginger v. PriceWaterhouseCoopers Advisory Serv., LLC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC 16-554029 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 4 - Violation of Cal. Family Rights Act and related claims.
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 31, 2016

JASON N. WOLFORD
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CASE NUMBER: CGC-16-554029  NICHOLAS GINGER VS. PRICEWATERHOUSECOOPERS

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**   **FEB-01-2017**

**TIME:**   **10:30AM**

**PLACE:**   **Department 610**
         **400 McAllister Street**
         **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

---

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

 

## Superior Court of California, County of San Francisco
### Alternative Dispute Resolution
### Program Information Package

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

### WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

### WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

### HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at* ***www.sfsuperiorcourt.org***

ADR- 1  03/15                                     (ja)                                     Page 1

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name  and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (*Name*): <br><br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 <br><br> PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br><br> DEPARTMENT 610 |

1)    **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐    **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐    **Judicial Mediation -** The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program.  www.sfsuperiorcourt.org

     Judge Requested (see list of Judges currently participating in the program): _____

     Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

     ☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐    **Other ADR process (describe)** _____

2)    The parties agree that the ADR Process shall be completed by (date): _____

3)    Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____


| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
|---|---|
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

     **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
 STREET ADDRESS:
 MAILING ADDRESS:
 CITY AND ZIP CODE:
 BRANCH NAME:

 PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**  (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE**  (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                          Time:                      Dept.:              Div.:                    Room:

Address of court *(if different from the address above)*:

 ☐  **Notice of Intent to Appear by Telephone,** by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not)*:

       (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

       (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐ complaint     ☐ cross-complaint     *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐   a jury trial.   ☐   a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                          f.   Fax number:
e.   E-mail address:                                             g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
   (1)   For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
   (2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
   (1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
   (2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   (3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**20. Total number of pages attached** (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside; except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

**2) After a Trial Date has been Set:** Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

**3) After Trial Assignment:** A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

---

## Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____ v; _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

> You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*



## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

## Who are the Panelists?

The ESP conference attorneys are experienced attorneys with at least 10 years of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes settlement they have expertise in both, most of representation serves as a solo panelist.

## Costs

There is a $325 administrative fee per party, completed after your initial ESP conference takes place. If you have one value the program. If your Superior Court fee waiver, be waived entirely in the ESP program.

## Contact

▸ email esp@sfbar.org
▸ phone: 415-982-1600
▸ fax: 415-989-0381

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.



# MEDIATION SERVICES



THE BAR ASSOCIATION OF
SAN FRANCISCO

FOR
OUTSTANDING
ADR SERVICES
Voted into the
Hall of Fame
In The Recorder's
"Best of Poll"
5 YEARS IN A ROW
2010 – 2014

## TESTIMONIALS

"This was the third attempt to mediate his case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

PROCEDURES, PODCASTS,
FORMS, MEDIATOR BIOGRAPHIES
AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

**adr@sfbar.org or**
**415-982-1600**



## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

# QUALITY | EXPERIENCE | TRUST

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

Exhibit D

CASE NUMBER: CGC-16-554029  NICHOLAS GINGER VS. PRICEWATERHOUSECOOPERS AI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **FEB-01-2017** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# Exhibit E

1   Linda S. Husar (SBN 93989)
    Email:    lhusar@reedsmith.com
2   Mara D. Curtis (SBN 268869)
    Email:    mcurtis@reedsmith.com
3   REED SMITH LLP
    355 South Grand Avenue
4   Suite 2800
    Los Angeles, CA  90071-1514
5   Telephone: +1 213 457 8000
    Facsimile: +1 213 457 8080
6
    Attorneys for Defendant
7   PRICEWATERHOUSECOOPERS
    ADVISORY SERVICES LLC
8

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       FOR THE COUNTY OF SAN FRANCISCO

11

12  NICHOLAS GINGER, an individual,          Case No. CGC-16-554029

13                  Plaintiff,                [Assigned For All Purposes To The Honorable
                                              John K. Stewart, Department 610]
14          vs.
                                             **DEFENDANT**
15  PRICEWATERHOUSECOOPERS ADVISORY          **PRICEWATERHOUSECOOPERS**
    SERVICES LLC and DOES 1-20, inclusive,   **ADVISORY SERVICES LLC'S ANSWER**
16                                           **TO PLAINTIFF NICHOLAS GINGER'S**
                   Defendants.               **UNVERIFIED COMPLAINT**
17
                                             Compl. Filed:    September 2, 2016
18                                           Trial Date:      Not Set

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC'S ANSWER TO
PLAINTIFF NICHOLAS GINGER'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant PricewaterhouseCoopers Advisory Services LLC ("Defendant"), in answer to the unverified Complaint of Plaintiff Nicholas Ginger ("Plaintiff"), hereby alleges as follows:

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies generally and specifically each and every allegation contained in Plaintiff's unverified Complaint, and further denies that Plaintiff has sustained damages in the sum or sums alleged, or any other sum at all, by reason of any act, breach or omission of Defendant.

Without waiving or excusing any of Plaintiff's own burdens of proof and production of evidence, Defendant alleges the following separate and distinct affirmative defenses to the purported causes of action set forth in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1.      Plaintiff's claims are barred from proceeding in this judicial forum because they are subject to a mandatory and binding arbitration agreement between Plaintiff and Defendant.  Plaintiff has agreed to comply with the agreement to arbitrate and has filed a demand for arbitration with JAMS.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.      The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a valid claim for relief against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.      Defendant alleges, based on information and belief, that Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitations, including, but not limited to, those set forth in Government Code Sections 12960 and 12965, Cal. Civ. Code Sections 335.1 and 339, 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 2617(c).

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.      Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff has unclean hands with respect to the claims asserted.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver/Estoppel/Consent)**

6. Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and/or consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

7. Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate, minimize, or avoid his purported damages, and Defendant further alleges that to the extent that any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences Doctrine)**

8. Defendant alleges, based on information and belief, that Plaintiff failed to take reasonable advantage of his employer's procedures to prevent and correct any alleged discrimination in the workplace. As a result, Defendant alleges, based on information and belief, that Plaintiff's damage claims are barred, in whole or part, by the avoidable consequences doctrine.

**NINTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory, and Non-Retaliatory Reasons)**

9. Although Defendant denies engaging in the conduct alleged in the Complaint, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges, based on

– 2 –

DEFENDANT PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC'S ANSWER TO
PLAINTIFF NICHOLAS GINGER'S UNVERIFIED COMPLAINT

1    information and belief, that its conduct towards Plaintiff was based on legitimate, non-discriminatory, and

2    non-retaliatory reasons.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

       10.      Defendant alleges, based on information and belief, that the Court lacks subject matter jurisdiction over the claims and allegations in Plaintiff's Complaint that relate to matters not reasonably related to any charge filed by Plaintiff in a timely manner with the appropriate government agency.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

       11.      Defendant alleges, based on information and belief, that Plaintiff's Complaint, or portions thereof, is barred by the after-acquired evidence doctrine.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusive Remedy)**

       12.      Defendant alleges, based on information and belief, that the Court lacks jurisdiction over the Complaint, or portions thereof, because the exclusive remedy for Plaintiff's purported injuries allegedly suffered is under the California Workers' Compensation Act, Labor Code §§ 3200, *et seq.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

       13.      Defendant alleges, based on information and belief, that Plaintiff failed to timely and/or properly exhaust his available administrative remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(At Will Employment)**

       14.      Plaintiff's employment, and the terms and conditions of employment was terminable at will, with or without cause.  Cal. Lab. Code § 2922.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

       15.      Although Defendant denies engaging in the conduct alleged in the Complaint, if it is

– 3 –

DEFENDANT PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC'S ANSWER TO
PLAINTIFF NICHOLAS GINGER'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1     determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges, based on

2     information and belief, that it would have made the same decision based on legitimate, non-discriminatory,

3     and non-retaliatory reasons.  *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

4                 WHEREFORE, Defendant prays for judgment as follows:

5        1.      That Plaintiff's Complaint be dismissed in its entirety and that Plaintiff take nothing by

6     reason thereof;

7        2.      That Defendant recover its costs of suit incurred herein;

8        3.      That Defendant recover its reasonable attorneys' fees incurred herein;

9        4.      That judgment be entered in favor of Defendant; and

10       5.      For such other and further relief as the Court deems just and proper.

11

12     Dated:  October 4, 2016                 REED SMITH LLP

13

14                              By: *Mara D. Curtis*

15                                 Linda S. Husar
                                  Mara D. Curtis

16                                 Attorneys for Defendant
                                  PRICEWATERHOUSECOOPERS ADVISORY
                                  SERVICES LLC

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

DEFENDANT PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC'S ANSWER TO
PLAINTIFF NICHOLAS GINGER'S UNVERIFIED COMPLAINT

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA            )
                                  )   ss
3  COUNTY OF LOS ANGELES          )

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
   and not a party to the within action.  My business address is 355 South Grand Avenue, Suite 2900,
5  Los Angeles, California 90071.

6          I am readily familiar with the firm's business practice of collection and processing
   correspondence for mailing with the U.S. Postal Service.  Under said practice, correspondence is
7  deposited with the U.S. Postal Service in the ordinary course of business on that same day with
   postage thereon fully prepaid.  I am aware that on motion of the party served, service is presumed
8  invalid if the postal cancellation date or postage meter date is more than one day after the date of
   deposit for mailing in this declaration.

9
           On October 4, 2016, I served the foregoing document described as:  **DEFENDANT**
10 **PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLC'S ANSWER TO**
   **PLAINTIFF NICHOLAS GINGER'S UNVERIFIED COMPLAINT** by having placed a true
11 copy thereof in a sealed envelope addressed as follows:

12         Jason N. Wolford
           LAW OFFICE OF JASON WOLFORD
13         1010 B Street, Suite 200
           San Rafael, CA  94901
14         Telephone:  (415) 265-2897
           Facsimile:  (415) 524-4853
15         E-mail:  jason@wolfordlegal.com

16 I deposited such envelope with postage thereon prepaid with the United States Postal Service at 355
   South Grand Avenue, Suite 2900, Los Angeles, California.
17
           I declare under penalty of perjury under the laws of the State of California that the foregoing
18 is true and correct.
           Executed on October 4, 2016, at Los Angeles, California.
19

20                                                         _Charles Koster_

21 _____         _____
   Charles Koster
   Type or Print Name

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**File & ServeXpress Transaction Receipt**

| | |
|---|---|
| File & ServeXpress Transaction ID: | 59649712 |
| Submitted by: | Mark Barajas, First Legal Network |
| Authorized by: | Mara D Curtis, Reed Smith LLP-GCC Office |
| Authorize and file on: | Oct 4 2016 2:22PM PDT  ⓘ |
| Time received by San Francisco County: | Pending ⓘ |

| | |
|---|---|
| Court: | CA Superior Court County of San Francisco-Civil |
| Division/Courtroom: | N/A |
| Case Class: | Civil-General Civil-Unlimited - $25,001+ |
| Case Type: | Wrongful Discharge (Civil 1) |
| Case Number: | CGC-16-554029 |
| Case Name: | Gingerm, Nicholas vs PricewaterhouseCoopers Advisory Services LLC et al |

| | |
|---|---|
| Transaction Option: | File Only |
| Billing Reference: | 3151753 |
| Read Status for e-service: | N/A |

**Documents List**

1 Document(s)

**Attached Document, 6 Pages**

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Answer (Original) | Public | $450.00 | |

Document title:

DEFENDANT PRICEWATERHOUSECOOPERS ADVISORY SERVICES LLCS ANSWER TO PLAINTIFF NICHOLAS GINGERS UNVERIFIED COMPLAINT

Expand All

⊟ **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| PricewaterhouseCoopers Advisory Services LLC (pending) | Defendant | Curtis, Mara D | Reed Smith LLP-GCC Office | Attorney in Charge |

⊟ **Recipients (0)**

⊟ Service List (0)

**Delivery Option Party Party Type Attorney Firm Attorney Type Method**

No selections made.

⊟ Additional Recipients (0)

⊞ **Case Parties**

[ Close ]

| About File & ServeXpress | Resource Center | **Client Support** |
| FAQs | Terms & Conditions | Privacy | ☎ 1-888-529-7587 |
| © 2016 File & ServeXpress, LLC. All rights reserved. | ✉ |
| | support@fileandservexpress.com |
| | 💬 Chat Online |

File & ServeXpress